# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MCGINNIS HOMES, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:16-cv-58-JNP-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Before the court is Defendant McGinnis Homes, LLC's ("McGinnis Homes") Motion to Dismiss (Docket 11). On June 28, 2016, the court held a hearing on Defendant's motion. The court then took the matter under advisement. After carefully considering the record, the relevant law, and the parties' memoranda, the court DENIES Defendant's Motion to Dismiss.

## BACKGROUND

McGinnis Homes is a Utah limited liability company owned by Samson McGinnis and Tanya McGinnis, both of whom are Utah citizens. Acuity, a mutual insurance company, is a Wisconsin corporation with its principal place of business in Wisconsin.

Acuity issued a liability and excess liability insurance policy to Mr. McGinnis, with coverage dates from November 15, 2012 through November 15, 2013 (the "Policy"). The Policy identifies Mr. McGinnis as the sole "Named Insured." Nowhere does the Policy list or identify McGinnis Homes as a named insured.

The Policy states that if an individual is listed as a named insured in the Policy's declarations, then that individual and his or her spouse "are insureds, but only with respect to the conduct of a business of which [the individual is] the sole owner." The Policy further states that "[n] person or organization is an insured with respect to the conduct of any current or past

1

partnership, joint venture, or limited liability company that is not shown as a Named Insured in the Declarations."

The Policy also states that it applies to "*property damage* only if (a) the . . . *property damage* is caused by an *occurrence* that takes place in the *coverage territory*; and (b) the . . . *property damage* occurs during the policy period." "Occurrence" is defined by the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

On November 15, 2012, McGinnis Homes entered into a construction agreement to build a custom home in Park City, Utah for Bradley Senet and Julie Spielberg-Senet. The certificate of occupancy for the Senet home was issued on March 13, 2014.

In August 2015, the Senets filed a complaint against McGinnis Homes in Utah state court, alleging a breach of contract claim due to defects in the workmanship and materials supplied by McGinnis Homes and its subcontractors. In addition to alleging that McGinnis Homes used improperly colored concrete, the Senets also allege that the concrete work on their home and patio is deteriorating and that McGinnis Homes has failed to repair and replace its defective workmanship and materials. The Senets further allege that McGinnis Homes failed to complete the work outlined in the construction agreement and that McGinnis Homes did not adhere to the deadlines within the agreement.

As a remedy for their breach of contract claim, the Senets are seeking damages exceeding $100,000. The Senets are also asserting a claim for declaratory relief against McGinnis Homes, requesting that the court determine that the warranty periods provided by McGinnis Homes be extended until all latent defects are discovered. The Senets' complaint does not identify Acuity's named insured, Mr. McGinnis, as a defendant in the state court action.

After being served with the Senets' complaint, McGinnis Homes tendered defense to Acuity under the Policy. Acuity has been providing a defense to McGinnis Homes in its litigation with the Senets, subject to a full reservation of rights.

Acuity filed this action on January 25, 2016, seeking a declaratory judgment from this court that Acuity has no duty or obligation under the Policy to defend or indemnify McGinnis Homes in the state court action (Docket 2).[1] Specifically, Acuity seeks a judgment declaring that (1) McGinnis Homes does not qualify as an "insured" under the terms of the Policy; (2) Acuity has no duty to defend or indemnify McGinnis Homes in the underlying state court litigation because the Senets' complaint fails to allege an "occurrence;" and (3) even if the Senets' complaint is assumed to allege an "occurrence," the damages alleged by the Senets are excluded from coverage under the terms of the Policy.[2]

McGinnis Homes subsequently filed a motion to dismiss (Docket 11), arguing that this court should exercise its discretion to decline to entertain Acuity's declaratory judgment action.

---

[1] The court later ordered Acuity to file an amended complaint that properly alleged the citizenship of all of McGinnis Homes' members so that the court could determine whether diversity jurisdiction exists in this case (Docket 22). Acuity subsequently filed an amended complaint, which properly alleged the citizenship of all of the parties (Docket 23). Because Acuity has alleged damages exceeding $75,000 and because this suit is between citizens of different states, the court has diversity jurisdiction over Acuity's declaratory judgment action. *See* 28 U.S.C. § 1332(a).

[2] Those terms of the Policy include Exclusions k.(5) and k.(6). These provisions exclude coverage for property damage to

> (5) That particular part of real property on which any insured or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the *property damage* arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because *your work* was incorrectly performed on it.

The phrase "your work" is defined as "work or operations performed by you or on your behalf; and [m]aterials, parts or equipment furnished in connection with such work or operations."

The Policy also excludes coverage for "Professional Services," which includes "*property damage* . . . due to rendering or failure to render any professional service;" "Damage to Your Work," or "*[p]roperty damage* to *your work* arising out of it or any part of it;" and "Damage to Impaired Property," which includes "(1) [a] defect, deficiency, inadequacy or dangerous condition in *your product* or *your work*; or (2) [a] delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms."

Specifically, McGinnis Homes argues that unsettled issues of Utah law regarding the meaning of "occurrence," as defined in the Policy, weigh against this court ruling on Acuity's declaratory judgment action. McGinnis Homes also contends that the insurance agency and agent are "indispensable parties who introduce additional areas of agency and insurance law [that are] best defined by state courts." Because McGinnis Homes believes that these are "undefined area[s] of Utah law," it asserts that it would be inadvisable for this court to proceed with the declaratory judgment action.

In opposition, Acuity argues that McGinnis Homes' motion to dismiss "fails to set out, let alone address, the factors that the Tenth Circuit has enunciated a district court should weigh when considering whether to hear a declaratory judgment action." Acuity argues that each of the factors weighs in favor of having this court entertain Acuity's declaratory judgment action.

In reply, McGinnis Homes contends that its "initial motion addressed the [Tenth Circuit's] factors . . . [but] did not . . . group those arguments by numbered paragraphs." McGinnis Homes then sets out each of the five factors, arguing that each supports dismissing this action so that it can be refiled in Utah state court.

## ANALYSIS

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Because of the Act's use of the word 'may,' . . . courts [have] the power, but not the duty, to hear claims for declaratory judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 980 (10th Cir. 2012) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87

(1995)). As such, a district court's determination on whether to hear claims for declaratory relief is evaluated under an abuse of discretion standard. *Id.* at 981.

The Tenth Circuit has identified the following five factors to be considered in determining whether a district court should entertain an action for declaratory relief:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id.* at 980–81 (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Each of the *Mhoon* factors is addressed below.

### A. Factors 1 and 2: Whether a Declaratory Action Would Settle the Controversy and Clarify the Legal Relations at Issue

Under the first two *Mhoon* factors, the court must consider whether the declaratory action would settle the controversy and clarify the legal relations at issue. "[T]he inquiry into whether the declaratory judgment settles a controversy and clarifies the legal relationships at issue is designed to shed light on the overall questions of whether the controversy would be better settled in state court." *United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002). "A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989); *see also Mid-Continent*, 685 F.3d at 982 n.3 (holding that a court should decline to exercise jurisdiction if "the state court action would necessarily resolve the issues in the declaratory judgment action"); *Mhoon*, 31 F.3d at 984 (holding that the district court did not abuse its discretion in entertaining a declaratory judgment action where the declaratory judgment action "involved no matter, factual

5

or legal, at issue in the state case").

Here, the underlying state court action between the Senets and McGinnis Homes does not involve Acuity or any insurance coverage issues. Rather, the underlying lawsuit involves claims for breach of contract by the Senets against McGinnis Homes. Conversely, in the case before this court, Acuity is seeking a declaration that it does not have a duty to defend or indemnify McGinnis Homes. Because these two cases involve different issues, it does not appear that the state court action would resolve the issues presented in the declaratory judgment action or clarify the legal relationship between Acuity and McGinnis Homes. Accordingly, the first two factors weigh in favor of this court hearing Acuity's declaratory judgment action.

> **B. Factor 3: Whether the Declaratory Remedy is Being Used Merely for the Purpose of Procedural Fencing or to Provide an Arena for a Race to *Res Judicata***

Under the third *Mhoon* factor, the court must consider "whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*." *Mid-Continent*, 685 F.3d at 980 (quoting *Mhoon*, 31 F.3d at 983). "A district court may choose to avoid a declaratory judgment action because the plaintiff is using the action for procedural fencing." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995) (affirming the district court's dismissal of a declaratory judgment action where an insurer filed the action one day before the insured promised to file a state court action against the insurer). The Tenth Circuit has also "recognized 'procedural fencing' and 'a race to *res judicata*' where an identical or substantially similar action is proceeding in state court." *Ace Am. Ins. Co. v. Dish Network, LLC*, No. 13-cv-560-REB-MEH, 2014 WL 811993, at *18 (D. Colo. Mar. 3, 2014) (citing *Franklin Life Ins. Co. v. Johnson*, 157 F.2d 653, 656 (10th Cir 1946)).

Here, McGinnis Homes argues that Acuity's decision to file its declaratory judgment

action in federal court "strongly suggests that Acuity hopes to rely on federal court precedent . . . that contradicts the language of Utah's appellate courts." Asserting that "[t]here seems to be no other reason for proceeding in federal court," McGinnis Homes argues that Acuity has engaged in procedural fencing. But as recognized above, the state court action and the declaratory action before this court involve different issues—they are not "identical or substantially similar action[s]." *Id.* Because McGinnis Homes cannot point to procedural maneuvering that would lead to *res judicata*, the third factor weighs in favor of hearing the declaratory judgment action.

C. **Factor 4: Whether Use of a Declaratory Action Would Improperly Encroach Upon State Jurisdiction**

Under the fourth *Mhoon* factor, the court must consider "whether use of a declaratory action would . . . improperly encroach upon state jurisdiction." *Mid-Continent*, 685 F.3d at 980 (quoting *Mhoon*, 31 F.3d at 983). The Tenth Circuit has recognized that at times, state courts are "better situated" to resolve actions "involv[ing] a matter of state law." *Id.* at 986.

Here, McGinnis Homes identifies two issues presented by this case that it believes turn on unsettled issues of Utah law. First, McGinnis Homes argues that that there is a "current disconnect between federal and state court interpretation of Utah law" surrounding how Utah courts define an "occurrence," and that this disconnect can only be resolved if Utah state courts are allowed to address the issue. Specifically, McGinnis Homes points to a handful of Utah federal district court cases, all of which McGinnis Homes believes interpret "occurrence" inconsistently. *See H.E. Davis & Sons, Inc. v. N. Pac. Ins. Co.*, 248 F. Supp. 2d 1079, 1084 (D. Utah 2002); *Cincinnati Ins. Co. v. Linford Bros. Glass Co.*, No. 2:08-cv-387-TC, 2010 WL 520490 (D. Utah Feb. 9, 2010); *Cincinnati Ins. Co. v. AMSCO Windows*, 921 F. Supp. 2d 1226, 1260 (D. Utah 2013).

But this court is not bound by the decisions of other district court judges. *Garcia v. Tyson*

*Foods, Inc.*, 534 F.3d 1320, 1329 (10th Cir. 2008). "[D]istrict court decisions cannot be treated as authoritative on issues of law. The reasoning of district judges is of course entitled to respect, but the decision of a district judge cannot be controlling precedent." *Id.* (quoting *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003)). Rather, on issues of state law, a federal court "must follow the most recent decisions of the state's highest court." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007).

Although Acuity points to the Utah Supreme Court's decision in *N.M. ex rel. Caleb v. Daniel E.*, 175 P.3d 566 (Utah 2008) as the definitive answer on the meaning of "occurrence," McGinnis Homes maintains that the Utah Supreme Court's rulings on this issue are unclear. But this court need not resolve that issue at this juncture. If the definition of an "occurrence" does in fact present an unanswered question of Utah state law, this court may certify that question to the Utah Supreme Court. *See* Utah R. App. P. 41. Allowing Utah courts to clarify this issue through Utah's certification process would not improperly encroach on their jurisdiction.[3]

Second, McGinnis Homes argues that "whether an insurance agent's knowledge is imputed to the issuer" is an unanswered question of Utah state law that is best left to Utah state courts to decide. Specifically, McGinnis Homes contends that "whether an agent's knowledge that insurance was to be procured for a limited liability company is binding on the insurance company that issued the policy . . . appears to be a matter of first impression in Utah."

In response, Acuity points to a case from a federal district court in Mississippi, *Nationwide Property & Casualty Insurance Co.*, No. 1:14-cv-136-HSO-RHW, 2015 WL

---

[3] Not all state courts are authorized to entertain certified questions from federal courts. *See* 17A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE: JURISDICTION § 4248 (3d ed. 2016). Although McGinnis Homes cites cases dismissing declaratory judgment actions that would have required rulings by a federal court on unsettled issues of state law, it may be that in those cases no certification process was available to allow the federal court to obtain guidance on the state law question. Because Utah law allows for certification, this court can retain jurisdiction without encroaching on the state court's jurisdiction.

6442290 (S.D. Miss. Oct. 23, 2015), arguing that "any alleged errors in the application process cannot create coverage where none exists under the terms of the Policy actually issued by the insurance carrier." But McGinnis Homes contends that this case is distinguishable because it applied Mississippi insurance law and that "Acuity has not shown that Utah would follow Mississippi substantive law in its interpretation of insurance policies."

As with the definition of "occurrence," this court may certify the question of "whether an insurance agent's knowledge is imputed to the issuer" to the Utah Supreme Court if it presents an unanswered question of Utah state law that is controlling in this case. *See* Utah R. App. P. 41. And allowing Utah courts to clarify this issue through Utah's certification process would not improperly encroach on their jurisdiction.

In summary, it is unclear at this juncture whether this declaratory judgment action presents any unsettled questions of Utah law. But in the event that it does, this court has the ability to certify any such questions to the Utah Supreme Court. Entertaining this declaratory judgment would therefore not encroach upon state court jurisdiction. Accordingly, the fourth factor weighs in favor of hearing Acuity's declaratory judgment action.[4]

---

[4] McGinnis Homes also argues that this question "necessarily triggers a claim by McGinnis Homes . . . against the insurance agent who obtained the policy," who will likely assert that he or she obtained the policy for McGinnis Homes, not just Mr. McGinnis. McGinnis Homes further contends that this will lead to potential cross-claims by the insurance agent against Acuity. Because of this, McGinnis Homes argues that Federal Rule of Civil Procedure 19 "requires mandatory joinder of the insurance agent."

But McGinnis Homes does not cite to any case law in support of its argument that the insurance agent and agency are necessary parties to this case. McGinnis Homes bears the burden of persuasion in showing that these parties are necessary under Rule 19. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). Because McGinnis Homes failed to address any of the factors considered by the Tenth Circuit in determining whether a party is necessary, *see id.*; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1288–89 (10th Cir. 2003), the court rejects this argument.

Further, even if the insurance agent is a necessary party, dismissal would only be warranted "if the absent party is necessary but cannot be joined," and is subsequently determined to be indispensable. *Rishell*, 94 F.3d at 1411. Because McGinnis Homes has failed to show both that the insurance agent cannot be joined and that the agent is an indispensable party to this suit, the court is not persuaded by McGinnis Homes' argument on this point.

### D. Factor 5: Whether There is an Alternative Remedy that is Better or More Effective

Under the fifth *Mhoon* factor, the court must consider "whether there is an alternative remedy that is better or more effective." *Mid-Continent*, 685 F.3d at 980–81 (quoting *Mhoon*, 31 F.3d at 983). Analysis of the fifth *Mhoon* factor includes consideration of whether state courts are "simply better situated to provide complete relief to all parties involved." *Id.* at 986.

The Tenth Circuit also considers whether "a live need for a declaration of [a party's] rights and duties . . . exist[s]." *Mhoon*, 31 F.3d at 984. For example, in *Mhoon*, the Tenth Circuit upheld a district court's decision to retain a declaratory action where, as here, an insurance company filed an action to determine whether the insurer had a duty to defend an underlying state court action. *Id.* at 982. The Tenth Circuit determined that "there is a substantial interest in deciding" the issues presented in the declaratory judgment action, "particularly the question of the duty to defend." *Id.* at 984. Further, the Tenth Circuit considered the fact that "[n]either party . . . suggested that [the insurer] was, or could have been made, a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of [the insurer's] obligations toward [the insured]." *Id.*

Similarly, McGinnis Homes has not suggested that Acuity could be made a party to the underlying state court action. Nor has McGinnis Homes shown that a Utah state court is "better situated to provide complete relief to all parties involved." *Mid-Continent*, 685 F.3d at 986. Thus, this factor also weighs in favor of this court exercising its jurisdiction over Acuity's declaratory judgment action.

In sum, all of the *Mhoon* factors weigh in favor of this court exercising its discretion to entertain Acuity's declaratory judgment action. Accordingly, the court denies McGinnis Homes' motion to dismiss.

## CONCLUSION

Based on the foregoing, the court DENIES Defendant's Motion to Dismiss (Docket 11).

DATED this 8th day of July, 2016.

                          BY THE COURT:

                          _____
                          Jill N. Parrish
                          United States District Judge